# IN RE A MINOR CHILD

District Court of American Samoa

AD No. 048-94

June 23, 1995

Before WARD, District Court Judge

Counsel:        Robert L. Porter

Order of Adoption:

This matter came on regularly before the court on May 18,1995 on a motion to set for hearing. By previous order, the court entertained arguments of counsel as to the availability of the child for adoption and the legality of the joint petition filed in this matter. The court also heard testimony from the prospective adoptive parents as to their statutory eligibility and qualifications to provide this minor child with parental guidance and care, as well as meeting the financial needs of the child.

As to the latter, based upon the testimony, observations of the child and petitioners by the court during the hearing, and the Child Protective Services reports, the court finds that this nearly 2 year old toddler has

closely bonded with petitioners and they to her. Petitioners have a stable relationship, their home is suitable for raising the child, their educational background and professional achievements assure the child sound financial support, and in all aspects the best interests of this child argue in favor of legitimizing the parent-child relationship that has formed since petitioners took custody of the child at or near her birth. The court further notes that this child's parental rights have been terminated with respect to her biological parents, and until this court approves a decree of adoption she remains, under present statutes, in legal limbo.

■ Having found that the best interests of the child would be served if the court can, under existing statutes, grant the joint petition for adoption in this matter, the court will now consider the legal difficulties presented by this case. First, the court notes that the *Fono* has expressed the provisions of Title 45, A.S.C.A. § 45.0102 *et seq.*, be liberally construed to effectuate, in part, "the preserv[ation] and strengthen[ing of] aiga ties whenever possible," A.S.C.A. § 45.0102(2), and "secur[ing] for any child removed from the custody of his parents, the necessary care, guidance, and discipline to assist him in becoming a responsible and productive member of society." A.S.C.A § 45.0102(4). Given the blood relationship between the female petitioner and the child, coupled with the obvious benefits to the child the stable relationship between the petitioners will provide, the court will *liberally* construe the statutes in this case as directed by the *Fono*.

■ Although this court is generally of the opinion that joint petitions for adoption can only be filed by married couples, *see* A.S.C.A. § 45.0411, and there is considerable state case law to support this opinion with respect to this statutory language, a liberal construction of the statutes requires this court to consider the clause under A.S.C.A. § 45.0420, *Petition for Adoption*, at paragraph (b) (1) requiring that the petition contain: "the date of marriage, *if any*, of the petitioners." (emphasis added). The court must also consider, however, the statutory legal effect of the final decree under A.S.C.A. §§ 45.0423 and 45.0424, both of which mandate that the child so adopted will achieve the legal status of a legitimate child born in lawful wedlock to the petitioners.

■ Although this court has perceived that petitioners feel their case has been somehow singled out for more rigorous examination than undertaken in the bulk of adoption proceedings heard by this court, the court's concerns extend far beyond the instant matter. Blanket approval of joint petitions filed by unmarried cohabiting couples would establish a precedent whereby brothers and sisters, engaged couples, or even same-gender couples may routinely jointly petition the court for adoptions. Further, the petitioners in the instant case are asking the court, via adoption proceedings, to issue a decree stating that, as a matter of law,

19

this child is their naturally born child and is legitimate, despite the fact that petitioners are not married. While mature consenting single adults can pretty much do whatever they want with respect to their relationships, there are some legal drawbacks to consensual cohabitation. Children of such unions are not legally legitimate until and unless that couple eventually marries. *See* A.S.C.A § 42.0501.

■ As earlier stated, however, this court's legal analysis must be tempered by the best interests of the child and limited to the facts of this particular case. Therefore, the court finds that the long standing stable relationship of petitioners, solely for the purposes of these proceedings, so closely approximates common law marriage that the court finds petitioners, both presently and prior to the birth of the minor child, to have achieved the status of husband and wife at common law. The natural issue of any such union thereby being legally considered legitimate, the court will grant the joint petition for adoption filed by petitioners and decree the child, inter alia, to be their legal, natural and legitimate issue.

Counsel for petitioners shall prepare and submit the proposed decree of adoption.

So ordered.